UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv38-FDW

| | |
|---|---|
| OWEN D. LEAVITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CARLTON B. JOYNER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Owen D. Leavitt's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

On May 8, 2012, Petitioner was found guilty of malicious conduct by a prisoner after a trial by jury in the Superior Court of Alexander County. (Pet. 1-2, Doc. No. 1.)[1] Petitioner was given a sentence of 20 to 24 months imprisonment to be served at the conclusion of his current term of incarceration. (State's Resp. to Pet. For Writ of Cert. 8, Doc. No 1.)

On May 7, 2013, the North Carolina Court of Appeals issued an unpublished decision finding that Petitioner had received a trial free of prejudicial error. State v. Leavitt, 741 S.E.2d 925, 2013 WL 1899086 (N.C. Ct. App. 2013) (Table). According to Petitioner, he did not seek further direct review.

Petitioner filed a Motion for Appropriate Relief in the Superior Court of Alexander

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

County on August 25, 2014. (Pet., supra, at 3.) It was denied on September 16, 2014. (State's Resp. to Pet. For Writ of Cert., supra, at 9.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on December 29, 2014. (State's Resp. to Pet. For Writ of Cert., supra.)

Petitioner does not indicate when his certiorari petition was denied or whether he sought further review in the North Carolina Supreme Court. He did, however, sign and place the instant habeas petition in the prison mailbox on March 2, 2015. (Pet., supra, at 48.) It was received in this Court on March 9, 2015. (Doc. No. 1.)

After conducting an initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determined that the Petition appeared to be untimely. In accordance with the requirements set forth in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Court provided Petitioner an opportunity to explain why his § 2254 Petition should not be dismissed as untimely. (Doc. No. 5.) On April 13, 2015, Petitioner filed a document titled "Motion to Address Timeliness" (Doc. No. 6), which the Court shall construe as Petitioner's response to the Court's Hill notice.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

## III. DISCUSSION

Judgment in the instant case was entered on May 8, 2012, when Petitioner was sentenced. As noted, on May 7, 2013, the North Carolina Court of Appeals rejected Petitioner's challenge to his conviction. Leavitt, 741 S.E.2d at *2. Petitioner then had thirty-five days to file a petition for discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review in the North Carolina Supreme Court during that thirty-five-day time frame. (Pet., supra, at 2.) Therefore, his conviction became final on June 11, 2013, when the time for seeking review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

The federal statute of limitations ran for 365 days from the date on which Petitioner's

conviction became final until it fully expired on June 11, 2014.  Petitioner's August 25, 2014 MAR and subsequent state court proceedings neither tolled nor restarted the federal statute of limitations.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000).  Absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition is time barred.

In his Response to the Hill notice, Petitioner sets forth several reasons why his Petition should be treated as timely.  (Doc. No. 6.)  The first implicates statutory tolling under § 2244(d)(1)(B) and the others, equitable tolling.

To warrant statutory tolling under § 2244(d)(1)(B), Petitioner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).  Petitioner may not rely upon vague or conclusory allegations but must allege specific facts that show how he was prevented from filing a habeas action prior to June 11, 2014.  See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

Petitioner accuses unidentified staff at Alexander Correctional Institution ("ACI"), where Petitioner was housed for most of the year after his conviction became final, of unspecified mail tampering, which he asserts denied him access to the courts.  (Resp. to Hill Notice 2, Doc. No. 6.)  To support these accusations, he refers the Court to a 42 U.S.C. § 1983 complaint he filed on March 4, 2014, from ACI.  (Resp. to Hill Notice, supra.)  Petitioner also asserts that if he had attempted to file a habeas petition, it would not have made it out of ACI.[2]  He states further that

---

[2] To support this assertion, Petitioner has attached a copy of what appears to be a 2008 § 2254 petition challenging his 2007 conviction for second-degree murder.  (Resp. to Hill Notice 2, Doc. No. 6; Habeas Pet., Ex. K, Doc. No. 6-1.)  Petitioner claims that this petition was never mailed by prison officials.  The Court notes, however, that Petitioner was housed at Mountain View Correctional Institution at the time, not ACI.  (Ex. K 16, Doc. No. 6-1.)

he mailed the instant habeas petition after his transfer to a different correctional institution. (Resp. to Hill Notice, supra.)

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Petitioner's allegations of mail tampering, however, are conclusory and speculative. Furthermore, the Court has reviewed Petitioner's § 1983 Complaint (Leavitt v. N.C. Dep't of Public Safety, 5:14cv27-FDW (W.D.N.C. Mar. 7, 2014), Doc. No. 1) and its exhibits (Doc. Nos. 1-1, 11, 13, 16, 19, 19-2, 19-3, 20, supra); none contain allegations or evidence of mail tampering at ACI between June 11, 2013 and June 11, 2014.[3] Additionally, Petitioner cannot show that ACI officials prevented him from filing a timely petition when he acknowledges that he made no attempt to file a habeas petition from ACI. In short, Petitioner has failed to allege specific facts that show how State officials prevented him from filing a timely habeas petition. See Clark, 468 F.3d at 714. Therefore, he is not entitled to statutory tolling pursuant to § 2244(d)(1)(B).

Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Petitioner claims a number of disabilities, including poorly-

---

[3] A federal court may take judicial notice of its own court records. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (recognizing that courts "may properly take judicial notice of matters of public record"); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'") (citation omitted)).

treated diabetes, dyslexia, unspecified mental illnesses, mild retardation, and emotional distress, which he contends make drafting legal documents more time-consuming and difficult for him than for someone without disabilities. Petitioner also cites a mental health hospitalization in 2014, during which, he asserts, he was precluded from working on legal matters. (Resp. to Hill Notice 2-4, Doc. No. 6.)

Between June 11, 2013 and June 11, 2014, Petitioner was housed alternately at ACI and at Central Prison. (5:14cv27-FDW, Doc. Nos. 1, 5, 13.) Petitioner filed his § 1983 Complaint in this Court on March 4, 2014. (5:14cv27-FDW, Doc. No. 1.) Petitioner has since filed numerous exhibits to his § 1983 Complaint, including correspondence to the U.S. District Court and various prison officials, as well as inmate request, grievance, and administrative remedy procedure forms. (5:14cv27-FDW, Doc. Nos. 1-1, 11, 19-2, 19-3, 20, supra.) Some of the dates on the exhibits filed in 5:14cv27-FDW fall within the one-year statute of limitations applicable to the instant § 2254 Petition. (Doc. Nos. 1-1 at 7-8, 19; Doc. No. 19-2 at 3-4, 43; Doc. No. 19-3 at 11; Doc. No. 20 at 10, 18, supra.) Additionally, Petitioner sent letters to this Court and filed documents in 5:14cv27-FDW on April 14, 2014 (Doc. No. 5), May 6, 2014 (Doc. No. 11), and May 27, 2014 (Doc. No. 9). As demonstrated by the history of 5:14cv27-FDW, Petitioner's disabilities did not hinder him from drafting and filing legal documents during the time AEDPA's statute of limitations was running.

Equally without merit is Petitioner's argument that his inability to work on legal matters during a mental health hospitalization in 2014 justifies equitable tolling. At some point after March 4, 2014, Petitioner was transferred from ACI to the mental health unit at Central Prison. (5:14cv27-FDW, Doc. Nos. 1, 5.) Petitioner was transferred back to ACI at some point before May 16, 2014. (5:14cv27-FDW, Doc. Nos. 9, 9-1, 11-1.) While he initially may not have had

access to his legal materials at Central (Doc. No. 5, supra.), that did not remain the case; Petitioner filed an Administrative Remedy Statement, with exhibits, in his civil rights case on May 1, 2014, from Central Prison (Doc. Nos. 11, 11-1, supra).

More importantly, however, Petitioner has provided no evidence that he diligently pursued his state post-conviction rights related to his 2012 conviction between June 11, 2013 and the date he was sent to Central. He likewise has provided no evidence that he diligently pursued his state post-conviction rights between his return to ACI and June 11, 2014, when his statute of limitations expired under § 2244(d)(1)(A).

In short, Petitioner has failed to demonstrate that the circumstances he has cited, either individually or in combination, stood in his way of filing a timely petition. See Pace, 544 U.S. at 418. Likewise, Petitioner has failed to demonstrate that he diligently pursued his post-conviction rights prior to filing the instant Petition. See id. Consequently, he is not entitled to equitable tolling, and the instant Petition shall be dismissed as untimely.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, Doc. No 1, is **DISMISSED** as untimely; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 20, 2015

Frank D. Whitney
Chief United States District Judge