UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv38-FDW

| | |
|---|---|
| OWEN D. LEAVITT, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| CARLTON B. JOYNER, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Owen D. Leavitt's "Motion for Reconsideration and Request to Expand the Record." (Doc. No. 11.)

**I. BACKGROUND**

On May 8, 2012, Petitioner was found guilty of malicious conduct by a prisoner after a jury trial in the Superior Court of Alexander County. (Pet. 1-2, Doc. No. 1.)[1] Petitioner was given a sentence of 20 to 24 months imprisonment to be served at the conclusion of his current term of incarceration. (State's Resp. to Pet. For Writ of Cert. 8, Doc. No 1.)

On May 7, 2013, the North Carolina Court of Appeals issued an unpublished decision finding that Petitioner had received a trial free of prejudicial error. State v. Leavitt, 741 S.E.2d 925, 2013 WL 1899086 (N.C. Ct. App. 2013) (Table). According to Petitioner, he did not seek further direct review.

Petitioner filed a Motion for Appropriate Relief in the Superior Court of Alexander

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

County on August 25, 2014. (Pet., supra, at 3.) It was denied on September 16, 2014. (State's Resp. to Pet. For Writ of Cert., supra, at 9.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on December 29, 2014 (State's Resp. to Pet. For Writ of Cert., supra), which, according to Petitioner was denied. Petitioner signed and placed his federal habeas petition in the prison mailbox on March 2, 2015. (Pet., supra, at 48.)

After conducting an initial review required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determined that the Petition appeared to be untimely. In accordance with the requirements set forth in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Court provided Petitioner an opportunity to explain why his § 2254 Petition should not be dismissed as untimely. (Doc. No. 5.) Petitioner filed a document titled "Motion to Address Timeliness" (Doc. No. 6), which the Court construed as Petitioner's response to the Court's Hill notice.

On November 20, 2015, the Court filed an Order dismissing the habeas Petition as untimely pursuant to 28 U.S.C. 28 U.S.C. § 2244(d)(1)(A). (Doc. No. 9.) After reviewing Petitioner's response to the Hill notice, the Court concluded that Petitioner was not entitled to statutory or equitable tolling.

## II.    STANDARD OF REVIEW

Because Petitioner filed his motion for reconsideration within 28 days of entry of judgment in this case, the Court will consider the motion pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A district court "has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

2

a clear error of law or to prevent manifest injustice.'" Hill, 277 F.3d at 708 (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708.

## III. DISCUSSION

In his Rule 59(e) motion, Petitioner challenges the Court's holding that he is not entitled to equitable tolling of the statute of limitations. (Doc. No. 11.) Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner does not contend that there has been an intervening change in the law requiring an alteration or modification of the Court's judgment; nor does he identify a clear error of law in the Court's Order dismissing his Petition. See Hill, 277 F.3d at 708. Although he alleges new facts that he contends demonstrate he was prevented from filing a timely habeas petition, those facts were known to him at the time he filed his habeas petition and response to the Court's Hill notice. For example, Petitioner asserts for the first time here that he did not file a timely habeas petition due to his reliance on the advice of Prisoner Legal Services. (Rule 59(e) Motion 2-3, Doc. No. 11; Exs. A-C, Doc. No. 11-1.) However, the dates on letters from Prisoner Legal Services demonstrate that Petitioner could have included this argument, and Exhibits A-C, in his response to the Court's Hill notice. See Hill, 277 F.3d at 708 ("Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."). They also demonstrate that when Prisoner Legal Services notified Petitioner that it would not represent him, time remained under the federal statute of limitations for Petitioner to file a Motion for

Appropriate Relief ("MAR") in the state court, which would have tolled the limitations period. (Ex. C, Doc. No. 11-1.) The remainder of Petitioner's arguments and exhibits merely repeat or support those raised in his response to the Hill notice, which the Court addressed in depth in its Order dismissing the Petition (Doc. No. 9).

Finally, Petitioner has not presented a compelling argument that the Court should amend or alter its judgment that the Petition is untimely in order to prevent a manifest injustice. See id. Consequently, Petitioner's Rule 59(e) motion shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Motion for Reconsideration and to Expand the Record (Doc. No. 11) is **DENIED**;

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 9, 2016

Frank D. Whitney
Chief United States District Judge